Montesa et al. v. Wizman et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         PETER W. HALL,
                        **Circuit Judges**.
         DENISE COTE,*
                        **District Judge**.

- - - - - - - - - - - - - - - - - - - -X
**REBECCA MONTESA et al.**,
        **Plaintiffs-Appellees**,

        -v.-                                    15-1252

**ELIEZER WIZMAN et al.**,
        **Defendants-Appellants**.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**              DAVID B. SALMONS (with David J.
                                Butler, Bryan M. Killian,

---

* The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

1

Randall M. Levine & Stephanie Schuster <u>on the brief</u>), MORGAN, LEWIS & BOCKIUS LLP, Washington, D.C.

**FOR APPELLEES:**                    LAURA D. BARBIERI (with Arthur Z. Schwartz <u>on the brief</u>), ADVOCATES FOR JUSTICE, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Defendants-appellants Eliezer Wizman, Joel Klein, Moshe Hopstein, Daniel Schwartz, Yehuda Weissmandl, Richard Stone, Morris Kohn, Aron Wiedner, Eliyahu Solomon, Moses Friedman, and East Ramapo Central School District ("district defendants") appeal an order of the United States District Court for the Southern District of New York (Seibel, <u>J.</u>), directing that the District retrieve and produce the individual defendants' emails from their personal email accounts that relate to or involve District business to the extent those emails are in the possession, custody, or control of the District. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We lack appellate jurisdiction over interlocutory appeals of discovery orders. <u>See</u> <u>S.E.C. v. Rajaratnam</u>, 622 F.3d 159, 168 (2d Cir. 2010) ("We conclude that the category should be described more broadly as discovery orders . . . and . . . we lack jurisdiction to review such orders."); <u>Chase Manhattan Bank, N.A. v. Turner & Newall, PLC</u>, 964 F.2d 159, 163 (2d Cir. 1992) ("We thus reaffirm our long-stated view that [the collateral order doctrine] does not provide jurisdiction to review interlocutory discovery orders.").

The district defendants contend that appellate jurisdiction is proper because the discovery order at issue impinges on the individual defendants' defenses of absolute and qualified immunity. The record belies this argument. <u>See</u> Joint Appendix ("J.A.") at 214-15 ("Defendants are correct that discovery should not be ordered against a defendant appealing a ruling on immunity, and that if they

2

win their appeal they will not be subjected to discovery demands as parties in the future. But Judge McCarthy was clear that the *individual Defendants* are under no obligation to respond to any discovery demands.") (emphasis added) (citations omitted)).

The district defendants argue that footnote 6 of the order functionally forces the former board members who are individual defendants to participate in discovery: "Of course, any insinuation that the former Board members should not cooperate would be inappropriate and grounds for sanctions," J.A. at 214 n.6. This footnote imposes no separate obligation on the former board members. The district court simply threatened sanctions if the District intentionally impedes discovery by suggesting that the former Board members should not cooperate.

For the foregoing reasons, and finding no merit in the district defendants' other arguments, we hereby **DISMISS** the appeal for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3